UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23492-Civ-COOKE/TURNOFF

YOUNES KABBAJ, individually, and as
"Next Friend" of OMAR ABDEL RAHMAN,

    Plaintiffs

vs.

BARAK H. OBAMA, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS CASE is before me on Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 11) and Plaintiff's Complaint (ECF No. 1). I have reviewed the Plaintiff's filings, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Complaint is dismissed.

### I. BACKGROUND

Plaintiff, Younes Kabbaj, brings this action on behalf of himself and as next friend of Omar Abdel Rahman. The main thrust of Plaintiff's 177-page Complaint is that law enforcement officers conspired to preclude Plaintiff from preventing certain terrorist attacks in the United States and abroad. Plaintiff alleges an ongoing conspiracy from February 14, 1996, to at least July 1, 2011. Plaintiff asserts causes of action for violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986. He claims Defendants deprived him and Rahman of their Fourth, Fifth, and Eight Amendment Rights.

### II. LEGAL STANDARDS

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263

(11th Cir. 1998). However, a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the court determines "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

### III. ANALYSIS

#### A. Action on behalf of Omar Abdel Rahman

Plaintiff brings this action as next friend of Omar Abdel Rahman. Pursuant to 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel." While an individual may proceed *pro se*, a *pro se* plaintiff may not bring an action as a next friend of another.

*See, e.g., Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448-49 (11th Cir. 2008); *Woodburn v. Sec'y of State of Fla.*, No. 09-20981, 2010 WL 3452340, at *3 (S.D. Fla. Sept. 1, 2010); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004).

Plaintiff is not an attorney and is unrepresented by counsel in this action. He therefore cannot bring this suit as next friend of Omar Abdel Rahman. Any causes of action Plaintiff raises on Mr. Rahman's behalf are dismissed.

### B. Mr. Kabbaj's Individual Claims

Plaintiff states causes of action under § 1983, §1985, and §1986. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). To establish a prima facie case of conspiracy under § 1983, the plaintiff must show, among other things, that the defendants "reached an understanding to violate his constitutional rights." *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). "In determining whether a § 1983 conspiracy exists, a court cannot consider any acts for which the defendants had absolute immunity." *Gottschalk v. Gottschalk*, No. 10-11979, 2011 WL 2420020, at *6 (11th Cir. Jun. 16, 2011).

To establish a claim under § 1985, the plaintiff must show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997). Title 42 U.S.C. § 1986 creates a right to recover damages against individuals who "knew of a § 1985 conspiracy and, having the power to prevent or aid in preventing the implementation of the conspiracy, neglected to do so. *Id.* at 1160.

Aside from making conclusory allegations that Defendants conspired to deprive him of his constitutional rights, Plaintiff fails to provide any facts to support the existence of any understanding or agreement among Defendants.  *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293-94 (11th Cir. 2010).  Additionally, Plaintiff has lumped together in his conspiracy allegations, so that the individual defendants do not have adequate notice of what are the specific allegations against each of them.

Further, Plaintiff's allegations do not state a claim for a constitutional violation.  Even assuming that Plaintiff's allegations are true—law enforcement conspired to prevent him from stopping terrorist attacks in the United States and abroad—it is unclear how those alleged acts would constitute a violation of *Plaintiff's* Fourth, Fifth, or Eighth Amendment Rights.

Finally, Plaintiff's Complaint runs afoul of Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader in entitled to relief."  Plaintiff's Complaint is 177 pages long, without counting the numerous exhibits attached to it.  The Complaint is repetitive and provides much apparently irrelevant information.  Its shear size makes it a daunting task for each defendant to comprehend exactly what factual allegations relate to each of Plaintiff's causes of action.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The Plaintiff's Complaint is **DISMISSED** *without prejudice*.  Plaintiff may file an Amended Complaint within twenty-one days of this Order.

2. All other motions are **DENIED** *as moot*.

3. The Clerk is directed to *administratively* **CLOSE** this matter.

**DONE and ORDERED** in chambers at Miami, Florida, this 24th day of February 2012.

*/s/ Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*