UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23492-Civ-COOKE/TURNOFF

YOUNES KABBAJ,

    Plaintiff,
vs.

BARAK H. OBAMA, *et al*.,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS CASE is before me on Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 11) and Plaintiff's Second Amended Complaint (ECF No. 54), as well as Defendants David Forteza, Amanda Curet, and Matthew Kroger's Motion to Dismiss (ECF No. 65), Defendant Sunrise Police Department's Motion to Dismiss (ECF No. 66), and Defendant United States of America's Motion to Dismiss (ECF No. 73). I have reviewed the filings, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Second Amended Complaint is dismissed.

### I. BACKGROUND

Plaintiff, Younes Kabbaj, brings this 130-page Second Amended Complaint against seven state and federal governmental entities, numerous state and federal employees, and 100 John Does. The complaint essentially states that certain state and federal law enforcement officers conspired to preclude Plaintiff from preventing certain terrorist attacks in the United States and abroad. Plaintiff claims Defendants deprived him of his Fourth, Fifth, and Eighth and Fourteenth Amendment rights, and asserts causes of action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*., and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## II. LEGAL STANDARDS

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the court determines "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

### III.  ANALYSIS

Plaintiff's Second Amended Complaint continues to run afoul of Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader in entitled to relief."  The complaint is 130 pages long, and contains 372 paragraphs.  It is repetitive and provides much apparently irrelevant information.  It is also a classic shotgun complaint.  Each count incorporates by reference all of the previous factual allegations.  As a result, "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  Although each count is labeled, Plaintiff lumps his allegations against the defendants together, even though it is clear that they could not all have committed the same acts.  *See id*.  For this reason alone, dismissal of the complaint is appropriate.

Further, Plaintiff's allegations in the Second Amended Complaint continue to fail to state a claim for a constitutional violation.  Even assuming that Plaintiff's allegations are true—law enforcement conspired to prevent him from stopping terrorist attacks in the United States and abroad—it remains unclear from the facts set forth in the Second Amended Complaint how those alleged acts would constitute a violation of Plaintiff's Fourth, Fifth, Eighth, or Fourteenth Amendment rights.  Plaintiff thus fails to set forth facts to support any cognizable claim.

Finally, Defendant Sunrise Police Department correctly notes that a municipal police department is not a proper defendant in this action.  *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214-15 ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); *Manuel v. St. Petersburg Police Dep't*, No. 8:11-CV-1843-T-30MAP, 2011 WL 4382648, at *1-2 (M.D. Fla. Sept. 20, 2011) ("Florida courts have found that the city police

department is not a legal entity and has no legal existence separate and apart from the city."). The Sunrise Police Department is therefore dismissed with prejudice from this action.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Defendants David Forteza, Amanda Curet, and Matthew Kroger's Motion to Dismiss (ECF No. 65) is **GRANTED**; Defendant Sunrise Police Department's Motion to Dismiss (ECF No. 66) is **GRANTED**; and Defendant United States of America's Motion to Dismiss (ECF No. 73) is **GRANTED**.

2. The Plaintiff's Second Amended Complaint is **DISMISSED** *without prejudice*. Plaintiff may file a Third Amended Complaint, which cures the deficiencies identified above, within fourteen days of this Order.

3. All other motions are **DENIED** *as moot*.

4. The Clerk is directed to *administratively* **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 31st day of August 2012.

/s/ Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*