**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-23492-Civ-COOKE/TURNOFF**

YOUNES KABBAJ,

      Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al*.,

      Defendants.

_____/

## ORDER OF DISMISSAL WITH PREJUDICE

THIS CASE is before me on Plaintiff's Fourth Amended Complaint, ECF No. 80, as well as Defendants Amanda Curet, David Forteza, and Jose Martin's Motion to Dismiss, ECF Nos. 78, 81, Defendants New York City Police Department, Vito Spano, Raymond W. Kelly, Steven Berger, Anthony Scalia, and Jim Bruinsma's Motion to Dismiss, ECF No. 83, and Defendant United States of America's Motion to Strike, ECF No. 84. I have reviewed the filings, the record, and the relevant legal authorities. For the reasons explained in this Order, Plaintiff's Fourth Amended Complaint is dismissed with prejudice.

## I. BACKGROUND

Plaintiff, Younes Kabbaj, filed his original 177-page Complaint on September 26 2011. ECF No. 1. Plaintiff's Complaint appeared to stem from an alleged conspiracy involving several state and federal governmental entities, numerous state and federal employees, and 100 John Does. According to the Complaint, certain state and federal law enforcement officers conspired to preclude Plaintiff from preventing certain terrorist attacks in the United States and abroad. Plaintiff asserted causes of action for violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986, and claimed that Defendants deprived him of his rights under the Fourth, Fifth, and Eighth Amendment of the United States Constitution.

After reviewing the filings, the record, and the relevant legal authorities, I dismissed the original Complaint as a shotgun pleading and allowed Plaintiff to amend.  ECF No. 34.  Plaintiff filed a First Amended Complaint on April 16, 2012, ECF No. 49, a Second Amended Complaint on May 10, 2012, ECF No. 54, and a Third Amended Complaint, ECF No. 77, on August 20, 2012. On August 31, 2012, I dismissed Plaintiff's Second Amended Complaint and granted Plaintiff leave to file an amended complaint curing the deficiencies identified in my Order of Dismissal.  ECF No. 79.  On September 14, 2012, Plaintiff filed his Fourth[1] Amended Complaint.  ECF No. 80.

Plaintiff's 79-page Fourth Amended Complaint, although condensed, essentially makes the same allegations found in his four previous complaints.  Plaintiff alleges that his constitutionally protected rights were violated when various federal and state law enforcement officers improperly refused to debrief Plaintiff and failed to investigate information he provided pertaining to certain terrorist attacks in the United States and abroad.  Plaintiff further alleges that federal and state law enforcement officers have maliciously prosecuted Plaintiff, caused him to be incarcerated in psychiatric facilities, and continue to harass him by illegally surveying his home and monitoring his movements.

Plaintiff finishes his Fourth Amended Complaint by adding a litany of charges asserting that Defendants deprived him of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, and purports to assert causes of action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, the Privacy Act, 5 U.S.C. § 552a, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*., and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  A plaintiff must

---

[1] Plaintiff erroneously captioned his Fourth Amended Complaint "Third Amended Complaint."  *See* ECF No. 1; 49; 54; 77; 80.

articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

A *pro se* pleading is viewed with considerable leniency and "held to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). The leniency afforded *pro se* plaintiffs in assessing their pleadings does not, however, permit a trial court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia County Sch. Bd*., 261 F. App'x 274, 277 (11th Cir. 2008).

### III. ANALYSIS

#### A. Plaintiff's Complaint Does not Comply with the Requirements of Federal Rule of Civil Procedure 8.

Plaintiff's Fourth Amended Complaint is 77 pages long, and contains 213 numerated paragraphs. While arguably it is more concise than Plaintiff's previous complaints, it continues to run afoul of Federal Rule of Civil Procedure 8, which require a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Fourth Amended Complaint is repetitive and consists of largely irrelevant factual assertions. Each count incorporates by reference all of the previous factual allegations. As a result, "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256

F.3d 1282, 1284 (11th Cir. 2001).  Although each count is labeled, the Fourth Amended Complaint is still a shotgun pleading that requires the Defendants to sift through a myriad of somewhat confusing facts to determine which facts, if any, are material to each particular count.  *Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1235 (11th Cir. 2002).  Plaintiff also lumps his allegations against the Defendants together, even though it is clear that they could not all have committed the same acts.

As drafted, the Fourth Amended Complaint does not permit any of the Defendants to adequately answer the allegations charged against them.  The bulk of the counts against the Defendants are generally made up of conclusory allegations that claim conspiracy charges against numerous state and federal employees.  Yet, none of the allegations are substantiated with a factual basis or information needed to state a claim against each Defendant.

The pleading standard in Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, but it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation."  *Twombly*, 550 U.S. at 544.  Only a complaint that states a plausible claim for relief can survive a motion to dismiss.  *Iqbal*, 556 U.S. at 679.  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown that the pleader is entitled to relief.   *Iqbal*, 556 U.S. at 679.  Plaintiff's allegations that state and federal officials conspired over the several decades to prevent Plaintiff from thwarting terrorist attacks around the word, including the 9/11 terrorist attacks, and to prevent Plaintiff from disclosing the whereabouts of Osama Bin Laden in Pakistan, without more, do not meet the plausibility requirement set in *Iqbal*, and does not show that Plaintiff is entitled to relief.

For these reasons alone, and considering that this is Plaintiff's fifth unsuccessful attempt to state viable causes of actions, dismissal with of Plaintiff's Fourth Amended Complaint is

appropriate.

### B.  Plaintiff's Standing to Sue on Behalf of other Individuals

Plaintiff seeks damages for the violation of the rights of "innocent civilians" that Defendants allegedly endangered.  Fourth Am. Comp. 66.  Pursuant to 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  Only a licensed lawyer may represent another person in court.  *Cortez v. F.CI Sec.*, 11-60494-CIV, 2011 WL 3420398, at *1 (S.D. Fla. Aug. 4, 2011).  While an individual may proceed *pro se*, a *pro se* plaintiff may not bring an action on behalf of other persons.  *See, e.g.*, *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448-49 (11th Cir. 2008).

Plaintiff is not an attorney and is unrepresented by counsel in this action.  He therefore cannot bring this suit on behalf of civilians that Defendants allegedly endangered.  Any causes of action Plaintiff raises on their behalf are dismissed with prejudice.

### C.  Plaintiff Has Not Properly Alleged Claims Pursuant to 42 U.S.C. § 1983, §1985, §1986, and *Bivens*.

Plaintiff purports to state causes of action under § 1983, §1985, §1986, and *Bivens*.  42 U.S.C. § 1983; §1985; §1986; *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 388 (1971).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law."  *Ganstine v. Williams*, 476 F. App'x 361, 364 (11th Cir. 2012) (citing *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)).

To establish a prima facie case of conspiracy under § 1983, the plaintiff must show, among other things, that the defendants "reached an understanding to violate his constitutional rights." *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).  "In determining whether a § 1983 conspiracy exists, a court cannot consider any acts for which the defendants had absolute immunity."  *Gottschalk v. Gottschalk*, No. 10-11979, 2011 WL 2420020, at *6 (11th Cir. Jun. 16,

2011).

A claim under *Bivens* requires that the plaintiff show he was deprived of a federal right by a person acting under color of federal law. *Jallali v. Am. Osteopathic Ass'n*, 461 F. App'x 838, 840 (11th Cir. 2012) (citing *Griffin v. City of Opa–Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001)); *see also Bivens,* 403 U.S. at 388 (creating a right of action for damages against federal officials, who violates a plaintiff's constitutional rights, in the absence of an act of Congress authorizing such an action).  Because claims under *Bivens* and 42 U.S.C. § 1983 are similar, courts generally apply § 1983 law to *Bivens* cases. *Jallali*, 461 F. App'x at 840.

To establish a claim under § 1985, the plaintiff must show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997).

Title 42 U.S.C. § 1986 creates a right to recover damages against individuals who "knew of a § 1985 conspiracy and, having the power to prevent or aid in preventing the implementation of the conspiracy, neglected to do so." *Id.* at 1160.

Aside from making conclusory allegations that Defendants conspired to deprive him of his constitutional rights, Plaintiff fails to provide any facts to support the existence of any understanding or agreement among Defendants. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293-94 (11th Cir. 2010).

Additionally, Plaintiff has lumped together all Defendants in his conspiracy allegations, so that the individual Defendants do not have adequate notice of what are the specific allegations against each of them.  Even if the Defendants had adequate notice of the claims filed against them,

some claims are mutually exclusive.  A 42 U.S.C. § 1983 action can only be asserted against a person acting under the color of *federal* law, whereas a *Bivens* claim can only be asserted against a person acting under the color of *state* law.  *Leonard v. F.B.I.,* 405 F. App'x 386, 387 (11th Cir. 2010) (holding that Section 1983 applies only to state officials); *see also Topping v. U.S. Dep't of Educ.*, 2:09-CV-396-FTM-29, 2012 WL 397809, at * 4 (M.D. Fla. Feb. 8, 2012) *aff'd*, 510 F. App'x 816 (11th Cir. 2013) (dismissing 42 U.S.C. § 1983 claims against federal defendants).  Accordingly, Plaintiff's 42 U.S.C. § 1983 claims against the federal Defendants and Plaintiff's *Bivens* claim against the state Defendants fail as a matter of law.

Further, Plaintiff's allegations do not state a claim for any constitutional violations.  Even assuming that Plaintiff's allegations are true— that law enforcement officials conspired to prevent him from stopping terrorist attacks in the United States and abroad and prevented Plaintiff from locating Osama Bin Laden—it is unclear how those alleged acts would constitute a violation of *Plaintiff's* rights under the Fourth, Fifth, or Eighth Amendment of the United States Constitution.

Finally, qualified immunity shields officers from civil liability if, considering the facts in the light most favorable to the party asserting the injury, the officers' conduct does not violate clearly established constitutional or statutory rights which a reasonable officer would have known was so obviously wrong that it would not have been done except by an officer who was incompetent or in knowing violation of the law.  *Chaney v. Orlando*, 291 F. App'x 238, 243 (11th Cir. 2008).  Qualified immunity is available to an officer whose conduct is governed by a reasonable mistaken understanding of the law.  *See id.*  Plaintiff has failed to allege how Defendants' conduct clearly violated clearly established constitutional or statutory rights.  The gravamen of Plaintiff's Fourth Amended Complaint is that Defendants failed to act on information provided by Plaintiff and failed to associate Plaintiff to investigations.  None of these allegations can support a claim that the Defendants acted in violation of the law.

For the reasons explained in this Order, Plaintiff's Fourth Amended Complaint shall be dismissed with prejudice.  A district court need not allow a plaintiff to amend a complaint if the amendment would not serve to cure the defective pleading.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).  In this case, Plaintiff filed five Complaints over two years and there is no indication that a sixth complaint could state a valid cause of action and cure the deficiencies identified in the dismissal orders entered in this case.  Accordingly, Plaintiff's Fourth Amended Complaint is dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Defendants David Forteza, Amanda Curet, and Jose Martin's Motion to Dismiss, ECF Nos. 78, 81, is **GRANTED**;

2. Defendants New York City Police Department, Vito Spano, Raymond W. Kelly, Steven Berger, Anthony Scalia, and Jim Bruinsma's Motion to Dismiss, ECF No. 83, is **GRANTED**;

3. Defendant United States of America's Motion to Strike, ECF No. 84, is **GRANTED**.

4. Plaintiff's Fourth Amended Complaint, ECF No. 80, is **DISMISSED** *with prejudice*.

5. All other motions are **DENIED** *as moot*.

6. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 30th day of September 2013.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

8